<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| QUAWEE L. JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>NJ TRANSIT,<br><br>      Defendant. | Civil Action No. 26-2096 (SDW) (SDA)<br><br>**WHEREAS OPINION**<br><br>March 17, 2026 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon *pro se* Plaintiff Quawee Johnson's Complaint ("Compl.") received on March 12, 2026 (D.E. 1) and Application to Proceed *in forma pauperis* ("IFP Application") filed on the same day (D.E. 1-3), and this Court having reviewed Plaintiff's submissions; and

      **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1); and

      **WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); and

1

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a motion to dismiss, a plaintiff must allege sufficient facts for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**WHEREAS** under New Jersey law, a plaintiff must establish four elements to sustain a negligence claim: "'(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (quoting *Polzo v. Cnty. of Essex*, 960 A.2d 375, 384 (N.J. 2008)). Proximate cause is "'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred.'" *Id.* (quoting *Conklin v. Hannoch Weisman*, 678 A.2d 1060, 1071 (N.J. 1996)).

**WHEREAS** here, the Complaint does contain sufficient information to state a negligence claim. Plaintiff alleges that an unidentified NJ Transit bus driver struck a pole while driving the bus that Plaintiff was riding on, causing a "big impact" and Plaintiff's back injury. (Compl. at 3.) Plaintiff further alleges that the bus driver continued driving after Plaintiff requested that he stop. (*Id.*) Importantly, Plaintiff does not specify what happened to him when the bus made the impact and concludes that he sustained a pinched nerve in his back from this incident without alleging facts to support the "natural and continuous sequence" of events that led to his back injury. (*Id.* at 4.) Thus, Plaintiff has failed to sufficiently allege causation to sustain a negligence claim, and he does not allege that the actions of the driver were intentional.

**WHEREAS** Plaintiff's IFP Application similarly fails to provide the required information. Plaintiff has written a value of zero for every single line of the IFP Application and has failed to provide any information about his monthly income, any assets, or monthly expenses. (*See generally* IFP Application.)  This Court will therefore deny Plaintiff's request to proceed *in forma pauperis*.

Therefore, Plaintiff's IFP Application is **DENIED**, and the Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to file an Amended Complaint and Amended IFP Application.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
          Stacey D. Adams, U.S.M.J.